**HARPER CHRISTIAN DICHTER GRAIF, P.C.**
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Fax: (602) 792-1710
Email: jgraif@hcdglaw.com
Email: ebyrnes@hcdglaw.com

Jay R. Graif, State Bar No. 017246
Erin E. Byrnes, State Bar No. 021015

*Attorneys for Jeffrey C. Stone, Inc. d/b/a Summit Builders*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Mortgages Ltd.,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:08-bk-07465-RJH<br><br>Adversary Case No. 2:09-ap-00424-RJH |
| JEFFREY C. STONE, INC. d/b/a SUMMIT BUILDERS, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL AND MONROE, L.L.C., an Arizona limited liability company; *et al.*,<br><br>Defendants. | **MOTION TO REMAND TO MARICOPA COUNTY SUPERIOR COURT SUBSEQUENT TO DETERMINATION OF LIEN PRIORITY**<br><br>(Maricopa Co. Case No. CV2008-033079) |

Plaintiff Jeffrey C. Stone, d.b.a. Summit Builders ("Summit Builders" or "Summit") moves this Court for an Order remanding this adversary proceeding to Maricopa County Superior Court, once this Court has ruled on the existing issue of priority between and among the various interested parties. This Motion is more fully set forth and supported by the following Memorandum of Points and Authorities, and by the pleadings filed herein, all of which are incorporated by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION:**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9027(d), filing this Motion constitutes a contested matter pursuant Rule 9014 of the Federal Rules of Bankruptcy Procedure. This Motion is made pursuant to 28 U.S.C. § 9027-1(b). Venue is proper before this Court, pursuant to Rule 9014, and Local Bankruptcy Rule 9027-1(b). This bankruptcy case was filed on June 20, 2008, as an involuntary Chapter 7 case and was thereafter converted to a voluntary Chapter 11 case.

## II. RELEVANT FACTUAL/PROCEDURAL BACKGROUND:

On December 30, 2008, Summit Builders filed a lawsuit in Maricopa County Superior, Case No. CV2008-033079, for breach of contract, breach of the Arizona Prompt Payment Act, unjust enrichment, and foreclosure of mechanic's lien against Central & Monroe, LLC and other parties, including various subcontractors, believed to have an interest in the subject property, which is commonly referred to as the "Hotel Monroe," and which is located at 15 East Monroe Street, Phoenix, Arizona (hereinafter "the Property"). The state court action is referred to herein as "CV2008-033079."

On February 19, 2009, this Court granted Summit's motion for stay relief, allowing Summit to name Mortgages Ltd. as a Defendant in CV2008-033079. Prior to the issuance of that Order, Summit named a number of contractors and subcontractors who allegedly have valid mechanic's liens against the Property, and a number of individuals and investors who are believed to be assignees of the Debtor's interest in the Property, or who individually invested therein. The Debtor and the investors claim varying portions of interest deriving from a Deed of Trust originally held by the Debtor and recorded against the Property. On April 23, 2009, the Debtor, acting as the agent for a number of its assignee investors, removed CV2008-033079 to bankruptcy court, and thereby instituted this adversary proceeding. Removal was predicated on an issue related to lien priority – specifically between the Debtor, the investors, and the various mechanic's lien claimants. The lien priority issue is a core proceeding, according to 28 U.S.C. § 157(b)(2(K) and this Court therefore has jurisdiction to hear and make a final determination of the priority of the various liens and interests in Summit's underlying lien foreclosure action.

Following removal, the Official Committee of Investors (the "OIC") filed an Emergency Motion for Order in Aid of Implementing the Plan, and Establishing this Court as the Proper Forum for Resolution of the Pending Mechanics Lien Claims. The OIC sought an expedited hearing on the motion, and this Court heard the matter on July 1, 2009, along with several other pretrial status conferences likewise set for the same date in the overarching case.

At that hearing, the Court discussed the issue of remanding the various mechanic's lien cases that have been removed and become part of the Debtor's action, including CV2008-033079, to state court. The parties discussed the issue with the Court, and the Court ultimately set a deadline for July 23, 2009[1] for the parties to file any motions to remand.

Following the hearing, Summit consulted with the various subcontractor Defendants named in its action, seeking, in part, to reach some sort of agreement as to the jurisdiction of this Court for the determination of the lien priority issues. As Summit has already advised the Court, these discussions also centered on an effort to devise a procedure for streamlining the handling of the case, but such a procedure or agreement has not yet been reached.

In the interim, Summit files this Motion to Remand, asking that the Court remand the case to state court once lien priority has been determined. Once such a determination is made, there will no longer be any basis for the mechanic's lien claimants to be in this forum, since issues of interest to the Debtor and the investors will have been determined by the Court. All other matters are best addressed in the underlying state court action.

### III. ARGUMENT:

Pursuant to 28 U.S.C. § 1452(b), which addresses the removal of claims related to

---

[1] This Motion is timely made. The relevant federal statute on removal, 28 U.S.C. § 1447, pertains to matters removed from state to federal court, not bankruptcy. Thus, while that statute requires a movant to seek remand within thirty days of removal, it is not relevant here as the court established in *In re Motel Mt. Lassen*, 207 B.R. 207 B.R. 935, 939 (E.D. Cal. 1997); *see also* Local Bankruptcy Rule 9027-1(b) (which is silent on the issue of a time limit on a motion to remand).

a bankruptcy case, the bankruptcy court may remand the action on "any equitable ground." *See Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 539, 57 P.3d 726, 729 (app. 2002). In determining whether remand is appropriate, the Court should consider issues including judicial economy, the presence of substantial questions of state law, comity, and the possibility of inconsistent factual findings. *In re Davis Chevrolet, Inc.*, 282 B.R. 674, 684 (Ariz. 2002) (citing *Matter of Medical Laboratory Consultants*, 931 F.Supp. 1487, 1493 (D. Ariz. 1996)).

With respect to Summit Builders' removed lien foreclosure action, it is in the best interest of the parties, and the Court, that the matter be remanded following a determination of lien priority. Once the priority issue has been resolved, the mechanic's lienholders and the investors will no longer have intertwined interests/issues for this Court to consider. Summit and the other mechanic's lienholders, however, will have other issues to present to a relevant court, including breach of contract, prompt payment, and unjust enrichment claims against one another. These issues are almost exclusively matters determined on the basis of state, not federal law. Moreover, none of these issues are relevant to the Debtor or the investors, and therefore it would not be necessary for this Court to hear such matters since they are wholly unrelated to the bankruptcy. Because this Court may only be able to provide Findings of Fact and Conclusions of Law on such matters, as they are non-core matters per 28 U.S.C. § 157(c)(1), the parties might be required to seek a final judgment from an Arizona District Court Judge, which would add additional, unnecessary complication to this case.

Additionally, judicial economy and comity militate in favor of remand following determination of priority. Only the priority issue has any relationship to the bankruptcy proceedings. Thus, this Court's time is best served by remanding following that determination, to allow this Court to focus on the bankruptcy-related issues, and the state court to handle the claims between Summit and the other contractors/subcontractors that are unrelated to the Debtor's matter.

Turning, then, to the issue of possible inconsistent fact findings, such a risk is

4

relatively low should this Court grant remand, as the issues to be determined by this Court versus the state court are quite distinct. The facts relevant to lien priority – which center around the time in which certain events occurred – may have some bearing on the resolution of the breach of contract and related claims, but the lien priority facts are clear cut and will not likely be subject to inconsistent interpretations.

**IV.  CONCLUSION:**

Based on the foregoing, Summit respectfully requests that this Court remand CV2008-033079, once a determination of lien priority is made. This is an issue which can properly be determined by this Court and it is the only issue which has any bearing on the bankruptcy proceedings at issue. Once the Court determines priority, however, the need for this case to remain in front of this Court dissolves. But there will still be remaining issues that are best heard at the state court level, particularly those issues between the various contractors and subcontractors. Thus, Summit asks that this Court grant remand, following determination of lien priority.

RESPECTFULLY SUBMITTED this 23rd day of July, 2009.

HARPER CHRISTIAN DICHTER GRAIF, P.C.

By /s/Jay R. Graif
Jay R. Graif
Erin E. Byrnes
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Attorneys for Jeffrey C. Stone, Inc. d/b/a Summit Builders.*

COPIES of the foregoing mailed this 23nd day of July, 2009, to:

Jonathan E. Hess
United States Trustee's Office
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Todd B. Tuggle
Jennings, Strouss & Salmon, P.L.C.
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004
*Attorneys for Debtor*

Margaret A. Gillespie
Collins, May, Potenza, Baran & Gillespie, P.C.
201 North Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
*Attorney for Rexel Phoenix Electric*

Stephen F. Banta
Law Offices of Stephen F. Banta, PLLC
1201 South Alma School Road, Suite 11550
Mesa, Arizona 85210
*Attorney for Arizona Control Specialists*

Hillary P. Gagnon
Jennings Haug & Cunningham
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
*Attorney for Climatec, Inc.*

Mark R. Jewett
P.O. Box 13538
Scottsdale, Arizona 85267
*Attorney for Specified Electrical Contractors, Inc.*

Andy M. Kvesic
Ryley, Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Attorney for Noble Steel, Inc.*

Adam B. Nach
Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, Arizona 85004
*Attorney for Contractors Abatement Services, Inc.*

Nathaniel B. Rose
Mohr, Hackett, Pederson, Blakley & Randolph
2800 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
*Attorney for Rolling Plains Construction, Inc.*

6

| | |
|---|---|
| 1 | Sean P. St. Clair |
| | The Lassiter Law Firm, P.L.C. |
| 2 | 207 North Gilbert Road, Suite 101 |
| | Gilbert, Arizona 85234 |
| 3 | *Attorney for Mechanical Solutions, Inc.* |
| 4 | John W. Storer |
| | Swenson, Storer, Andrews & Frazelle |
| 5 | 40 North Central Avenue, Suite 1050 |
| | Phoenix, Arizona 85004 |
| 6 | *Attorney for Otis Elevator Company* |
| 7 | Thomas N. Swift, II |
| | Thomas N. Swift, II, P.C. |
| 8 | 2345 South Alma School Road, Suite 104 |
| | Mesa, Arizona 85210 |
| 9 | *Attorney for Omni-Duct Systems, Inc.* |
| 10 | Michael J. Holden |
| | Holden Willits Murphy, P.L.C. |
| 11 | Two North Central Avenue, Suite 1700 |
| | Phoenix, Arizona 85004 |
| 12 | *Attorney for JEC Contracting Corp.* |
| 13 | /s/ Amanda Ferguson |